**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| RYAN MARSELIS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Civil Action No. 1:24-cv-00747-TWT |
| FOX FACTORY HOLDING CORP., et al., | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendants' motion to dismiss (the "Motion to Dismiss") Plaintiff's Second Amended Complaint (the "SAC") is fully briefed and pending before this Court. On August 20, 2025, Plaintiff filed a Notice of Supplemental Authority (the "Notice"), attaching *Hawkins v. Danaher Corp.*, No. 23-02055, 2025 WL 2216149 (D.D.C. Aug. 4, 2025). The Notice overstates the holding in *Hawkins* and omits material facts that distinguish it from the present case.

In *Hawkins*, the plaintiff pleaded particularized factual allegations to show that the defendants affirmatively misrepresented the COVID-19 pandemic's effect on demand and inventory. No. 23-02055, 2025 WL 2216149, at *2, *5 (D.D.C. Aug. 4, 2025). Here, by contrast—as is clear from the allegations of the SAC itself—the Defendants clearly and repeatedly disclosed increasing inventory levels and

discussed how a "record backlog" was influencing demand.  *See* SAC ¶ 89; *see also id.* ¶¶ 101-105.

The scienter allegations in *Hawkins* are also significantly different.  There, the court credited a confidential witness who purportedly "heard [a defendant] admit to making up more favorable numbers for an April 2022 earnings call." *Hawkins*, 2025 WL 2216149, at *6.  There is nothing close to that alleged in the SAC, where four of the five confidential witnesses never communicated with a named defendant, and the fifth had a vague "discussion" with one defendant early in the Class Period.  *See* Mot. Dismiss at 18-20.  Nor does the SAC assert that Defendants accessed reports or surveys that actually contradicted their public statements.

For these reasons, *Hawkins* is inapposite.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

*/s/ Joseph C. Weinstein*
Joseph C. Weinstein (admitted *pro hac vice*)
joe.weinstein@squirepb.com
Sean L. McGrane (admitted *pro hac vice*)
sean.mcgrane@squirepb.com
Anna N. Huttner (admitted *pro hac vice*)
anna.huttner@squirepb.com
1000 Key Tower
127 Public Square
Cleveland, OH 44022
(216) 479 8500

Petrina Hall McDaniel
1230 Peachtree Street NE, Ste. 2200
Atlanta, GA 30309
(678) 272 3207
petrina.mcdaniel@squirepb.com

*Counsel for Defendants*

- 4 -

## LOCAL RULE 5.1 CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing has been prepared using Times New Roman, 14-point font.

Dated: August 25, 2025

*/s/ Joseph C. Weinstein*
Joseph C. Weinstein

*An Attorney for Defendants*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on August 25, 2025, by filing it using the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ Joseph C. Weinstein
Joseph C. Weinstein

*An Attorney for Defendants*